# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50443
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL FERNANDO SUAREZ-VEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-991-1

Before STEWART, Chief Judge, and OWEN and OLDHAM, Circuit Judges.
PER CURIAM:[*]

Manuel Fernando Suarez-Vega appeals the concurrent 12-month revocation sentences imposed following his convictions for making a false claim of citizenship in violation of 18 U.S.C. § 911; illegally possessing and using a means of identification of another in violation of 18 U.S.C. § 1028(a)(7); and using a false document for purposes of obtaining employment in violation of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50443

U.S.C. § 1546(b)(2).  The district court determined that he violated the terms of his supervised release by illegally reentering the country.

Suarez-Vega argues that his revocation sentences are greater than necessary to meet the goals of 18 U.S.C. § 3553(a) because he was brought to the United States at a young age, the majority of his criminal history occurred over 20 years ago, his illegal reentry offense amounted to international trespass, and his entire family lives in the United States.  He states that the sentences are particularly unreasonable in light of the fact that he subsequently received a consecutive three-year sentence for the illegal reentry offense.

Because Suarez-Vega did not object to the reasonableness of his sentences in the district court, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  Suarez-Vega's revocation sentences, which are within the sentencing ranges recommended by the Guidelines and the statutory maximum terms of imprisonment that the district court could have imposed, are presumptively reasonable.  *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4; *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).  Suarez-Vega's mitigation arguments are insufficient to rebut the presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006).  Moreover, Suarez-Vega cannot demonstrate that the district court's decision not to order his revocation sentences to run concurrently to his not yet imposed illegal reentry sentence was plain error.  *See* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f), p.s.; *Puckett*, 556 U.S. at 135.  Accordingly, the judgment of the district court is AFFIRMED.